BLD-205                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4557
_____

ANDREA FINAMORE,
                              Appellant

v.

PHILADELPHIA HOUSING AUTHORITY; CARL GREENE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-08-cv-00815)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2013
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 3, 2013)
_____

OPINION
_____

PER CURIAM

        Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the District Court

entered an order in October 2008, dismissing the underlying employment discrimination

suit based on a settlement agreement between the parties.  Four years later, Andrea

Finamore filed an "Emergency Motion for a Protective Order or Confidentiality Order Sealing the Record, or, Alternatively, Redacting All of Plaintiff's Identifiers." (Dkt. No. 11.) She argued that, since she filed the lawsuit, she has been unable to obtain employment because "prospective employers . . . perform[] civil litigation background checks to systematically screen out job applicants who have sued a former employer." (Id. p. 11.) Finamore claimed that she interviewed for twenty-six different positions, and, despite meeting their qualifications, did not receive an offer of employment because of her litigation history. (Dkt. No. 11-1, pp. 7-10.)

The District Court denied Finamore's motion, noting that there is a presumption of access to judicial records, see In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001), and recognizing that a party seeking to seal a portion of the judicial record bears the burden of demonstrating that "disclosure will work a clearly defined and serious injury to the party seeking closure," Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994). The District Court determined that Finamore "failed to show that her predicament outweighs the significant public interest in full access to judicial records." (Dkt. No. 12.) Finamore timely appealed. (Dkt. No. 13.)

We have jurisdiction pursuant to 28 U.S.C. § 1291. See In re Newark Morning Ledger Co., 260 F.3d 217, 220 (3d Cir. 2001). We may summarily affirm an order of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

We agree with the District Court that Finamore did not carry the heavy burden of overcoming the presumption of access to judicial records. See Cendant, 260 F.3d at 194 "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient" to support sealing a judicial record. Id. Finamore did not present any specific evidence that she was qualified for a position, yet rejected solely on the basis that the prospective employer discovered that she previously sued her former employer. There being no substantial question presented on appeal, we will summarily affirm the District Court's order.[1]

---

[1] We have considered all of Finamore's arguments presented in opposition to summary action and find them to be without merit. Her motion to expedite her appeal is denied.